THE AMERICAN NATIONAL RED CROSS and SECOND NATIONAL BANK AND TRUST COMPANY OF RED BANK, appellants-respondents,

*v.*

EDITH SELMA LESTER, executrix of the estate of William Braeme Lester, deceased, substituted by order of the Monmouth County Orphans Court in the place of William Braeme Lester, caveator, respondent-appellant.

[Argued Ocotber 21st, 1940.   Decided February 3d, 1941.]

*Messrs. Applegate, Slevens, Foster & Reussille (Mr. William E. Foster* and *Ida K. Hildebrand)*, for the appellants-respondents.

*Messrs. Kellogg & Chance (Mr. R. Robinson Chance)*, for the respondent-appellant.

The opinion of the court was delivered by

CASE, J.

The appeal is from a decree in the Prerogative Court, *sub nom.,* "In the Matter of the appeal from the Decree of the

Orphans Court of the County of Monmouth denying probate of a certain paper-writing as the last will and testament of Louise A. Smith, deceased," directing that the paper-writing purporting to be the last will and testament of Louise A. Smith, deceased, be admitted to probate as and for that decedent's last will and testament, thus reversing a decree in the Monmouth County Orphans Court which denied probate. The decree in the Prerogative Court gave effect to the report, and the recommendations thereon made, of the master to whom the matter had been referred by the Orphans Court and before whom was taken the testimony upon which rested the master's report and the decrees in the Orphans Court and the Prerogative Court. The Orphans Court had sustained the caveator's exceptions to the report. The instrument was executed by Mrs. Smith on November 13th, 1928, less than two years before April 26th, 1930, when she was adjudged a lunatic under a writ *de lunatico inquirendo*. It was found in the inquisition that "the said Louise A. Smith, at the time of taking this inquisition, is a lunatic, and of unsound mind, and does not enjoy lucid intervals, so that she is not capable of governing herself, her lands and tenements, goods and chattels and that she has been in the same state of lunacy for the space of two years last past and upwards." Vice-Ordinary Berry, sitting in the Prerogative Court, held that the decree in the lunacy proceeding was not conclusive and that the *prima facie* effect of that decree was overcome by the burden of proof successfully carried by the proponents in the evidence of testamentary capacity taken before the master. The proof demonstrated to the satisfaction of the Vice-Ordinary, as originally of the master, that there had been a lucid interval in which the will was executed. We agree with the conclusion of the Vice-Ordinary that the testatrix was, at the time of the execution, mentally competent to make a will and that the proffered instrument should be given probate.

The appellant undertakes to present a point that seems not to have been raised or considered in the courts below and that was not properly set up in the petition of appeal. Under those circumstances appellant is not entitled to argue the same before us. The rule is so stated on the equity side.

*Englehard* v. *Schroeder, 92 N. J. Eq. 663, 668; Penn Mutual Life Insurance Co.* v. *Semple, 38 N. J. Eq. 575, 586; Cumberland Lumber Co.* v. *Clinton Hill Lumber Manufacturing Co., 57 N. J. Eq. 627; Boice* v. *Conover, 63 N. J. Eq. 273; New Jersey Building, Loan and Investment Co.* v. *Lord, 66 N. J. Eq. 344, 350.* See, also, *State* v. *King, 106 N. J. Law 338, 343.* Subject to two exceptions, (1) where the question goes to the jurisdiction of the subject-matter and (2) where a question of public policy is involved, a party need not be heard as to a question which could have been but was not raised in an intermediate court of appeal. *State* v. *Shupe, 88 N. J. Law 610, 612; Ballagh Realty Co.* v. *Dumont, 111 N. J. Law 32, 35.* Nevertheless, for reasons that we regard as satisfactory, we have considered the point and we proceed to state our decision.

The point which appellant thus submits is to the effect that there may be no probate of a paper purporting to be the will of a person dying in lunacy, and this because of the provisions of the statute on our books, at the time of Mrs. Smith's death entitled "An act concerning idiots and lunatics," *2 Comp. Stat. p. 2782.* Section 1 provided that "all cases of idiocy and lunacy shall be determined by an inquest * * * and in case he or she shall die in his or her lunacy, such lands and tenements shall descend and go to his or her heirs, and the residue of the goods, chattels and profits, after payment of his or her just debts, shall go to and be distributed according to law among such lunatic's next of kin." Substantially that provision regarding the disposition of the lands and chattels of persons who die in lunacy has been on the books since 1794. *Chapter 491, Acts of the General Assembly, page 931,* passed November 21st, 1794. But we do not understand that during the intervening one hundred and forty-six years the courts have ever considered, or, until now, that a litigant has ever suggested, that a writing, properly proved with adequate weight in the testimony to have been executed as a will by a person then mentally competent so to do, was conclusively foreclosed of probate because the testator, after execution, was adjudged, and finally died, a lunatic. *In re Coleman, 88 N. J. Eq. 284,* affirmed at page

578 of the same volume upon the finding and reasoning of the Ordinary as to the merits of the case, affords a clear holding, which we believe is still a correct statement of the law, that an adjudication, in inquisition proceedings, of lunacy without lucid intervals raises only a rebuttable presumption against the validity of a testament. In that case a writing executed, during a period wherein the decree in later lunacy proceedings declared there were no lucid intervals, by a person who died three weeks after the finding of lunacy was given probate. The lunacy statute is to be read in conjunction with the Wills act, *4 Comp. Stat. p. 5861 plac. 24:* "And all wills and testaments of persons dying since the day above mentioned, made in the manner herein prescribed, by any person competent by law to make such will, shall be sufficient to devise, pass and bequeath all estates and property, real or personal, * * *." This is in harmony with a Chancery decision made over a hundred years ago in *Whitenack* v. *Stryker and Voorhies, 2 N. J. Eq. 8,* cited with approval in many cases and followed by Chancery in applying the pertinent principle so recently as *Turner* v. *Cole, 116 N. J. Eq. 368.* In the *Whitenack Case* it was held that upon the question of capacity an inquisition of lunacy is competent but not conclusive evidence. The general rule of law (independent of statute) is that insanity coming upon the testator after he has made his will does not operate to revoke the will. *Warner* v. *Beach, 4 Gray (Mass., 1855), 162.* Appellant's point is not well made.

The decree in the Prerogative Court will be affirmed.

*For affirmance*—PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.

*For reversal*—HEHER, J. 1.